IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| ROBERT HAWTHORNE, )<br>)<br>Plaintiff, )<br>)   No.   1:10-cv-2806<br>vs. )<br>)<br>NATIONAL LOAN RECOVERIES, )<br>LLC and HERBERT A. ROSENTHAL, )<br>JR. d/b/a THE LAW OFFICES OF )   **JURY DEMAND ENDORSED HEREON**<br>HERBERT A. ROSENTHAL, )<br>CHARTERED, )<br>)<br>Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, ROBERT HAWTHORNE, by and through his attorney, MITCHEL E. LUXENBURG, and for his Complaint against the Defendants, NATIONAL LOAN RECOVERIES, L.L.C., and HERBERT A. ROSENTHAL, JR. d/b/a THE LAW OFFICES OF HERBERT A. ROSENTHAL, CHARTERED, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Pikesville, Maryland.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural persons allegedly obligated to pay a debt.

5. At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be companies collecting a consumer debt owed by Plaintiff's wife, Carolyn Hawthorne.

6. On information and belief, Defendant, NATIONAL LOAN RECOVERIES, L.L.C. (hereinafter "National"), is a limited liability company of the State of Connecticut, which is not licensed to do business in Maryland and which has its principal place of business in Stamford, Connecticut.

7. On information and belief, Defendant, HERBERT A. ROSENTHAL, JR. d/b/a THE LAW OFFICES OF HERBERT A. ROSENTHAL, CHARTERED (hereinafter "Rosenthal"), is an individual who is licensed to practice law in the State of Maryland and in the District of Columbia, whose principal place of business is located in Washington, D.C.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. On or about August 22, 2008, Defendant Rosenthal, acting in his capacity as the attorney and/or authorized agent of National, obtained a judgment against Plaintiff's wife, Carolyn Hawthorne, in the District Court of Baltimore County in an attempt to collect the aforementioned debt.

9. On or about December 30, 2009, in a further attempt to collect the alleged debt, and again acting in his capacity as the attorney and/or authorized agent of National, Rosenthal filed a Writ of Garnishment directed to Wachovia Bank, where Plaintiff and his wife hold a joint bank account.

10. On or about January 4, 2010, Wachovia Bank was served with said Writ and thereafter debited the funds requested by Defendants from Plaintiff's bank account.

11. On or about January 6, 2010, Plaintiff mailed a letter to Rosenthal informing him that all of the garnished funds were from Social Security benefit payments, and were therefore exempt from garnishment.

12. On or about February 3, 2010, Plaintiff again mailed a letter to Rosenthal, restating that the garnished funds were solely from Social Security benefits. With said letter, Plaintiff enclosed copies of documents evidencing that the garnished funds were received as Social Security income.

13. Despite receiving this information from Plaintiff, Defendants have refused to return the improperly garnished funds.

14. All of the actions of Rosenthal as described above were undertaken as the attorney and authorized agent of National.

15. In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

    a. Representing that nonpayment of the alleged debt would result in the seizure, garnishment and/or attachment of Plaintiff's property where such action was unlawful, in violation of 15 U.S.C. § 1692e(4);

3

   b. Threatening and taking action that could not legally be taken, in violation of 15 U.S.C. § 1692e(5);

   c. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

   d. Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

   e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

16. As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer damages, including but not limited to monetary loss, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ROBERT HAWTHORNE, respectfully prays for a judgment against Defendants as follows:

   a. All actual damages suffered;

   b. Return of all funds wrongfully garnished from their bank account;

   c. Statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

   d. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   e. Any other relief deemed appropriate by this Honorable Court.

## **COUNT II**

(Violation of the Maryland Consumer Debt Collection Act)

17. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

18. In its attempts to collect the aforementioned alleged debt, Defendants violated the MCDCA in one or more of the following ways:

    a. Representing that nonpayment of the alleged debt would result in the seizure, garnishment and/or attachment of Plaintiff's property where such action was unlawful, in violation of Md. Code, Com. Law § 14-202(8);

    b. Threatening and taking action that could not legally be taken, in violation of Md. Code, Com. Law § 14-202(8);

    c. Falsely representing the character, amount and/or legal status of the debt, in violation of Md. Code, Com. Law § 14-202(8);

    d. Claiming, attempting, and/or threatening to enforce a right with knowledge that the right does not exist, in violation of Md. Code, Com. Law § 14-202(8); and

    e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the MCDCA.

19. As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer damages, including but not limited to monetary loss, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ROBERT HAWTHORNE, respectfully prays for a judgment against Defendants as follows:

  a. All actual damages suffered;

  b. Return of all funds wrongfully garnished from their bank account;

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

    Respectfully Submitted,

    /s/ Mitchel E. Luxenburg
    Mitchel E. Luxenburg (29092)
    Attorney for Plaintiff
    Luxenburg & Levin, LLC
    23875 Commerce Park
    Suite 105
    Beachwood, OH 44122
    (888) 493-0770, ext. 301 (phone)
    (866) 551-7791 (facsimile)
    Mitch@LuxenburgLevin.com